UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x
                               :

ABDEL-JABBOR MALIK,            :

                Plaintiff,     :     03 Civ. 580 (TPG)

       - against -       :     **ORDER**

                               :

GEORGE MACKEY,            :

                Defendant.   :

                               :
------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1 30 09
```

On January 15, 2009, plaintiff Abdel-Jabbor Malik moved for reconsideration pursuant to Fed. R. Civ. P. 60(b)(6), seeking to set aside this Court's March 31, 2006 decision granting defendant's motion for summary judgment.

On January 27, 2003, plaintiff filed a pro se action against defendant George Mackey, plaintiff's state parole officer, under 42 U.S.C. § 1983, alleging that defendant violated plaintiff's constitutional right to Due Process under the Fourteenth Amendment by filing false parole violation charges against him. On March 31, 2006, this Court granted defendant's motion for summary judgment on the ground that defendant was entitled to qualified immunity. On April 19, 2006, plaintiff filed a motion for reconsideration pursuant to Fed. R. Civ. P. 60(b)(6), which was summarily denied on September 1, 2006. On March 5, 2008, the

Second Circuit affirmed this Court's opinion granting summary judgment for defendant.

Plaintiff now moves again for reconsideration of this Court's March 31, 2006 opinion.   The Attorney General opposes this motion on the ground that it is untimely and without merit.

A motion under Rule 60(b) "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). To determine whether a party has filed its motion within "a reasonable time," a court "must scrutinize the particular circumstances of the case, and balance the interest in finality with the reasons for delay." PRC Harris, Inc. v. Boeing Co., 700 F.2d 894, 897 (2d Cir. 1983). Here, plaintiff has already filed one motion for reconsideration, which was denied, and brings this present motion for reconsideration over two years after this Court's March 31, 2006 opinion. The Second Circuit has found delays much shorter than this to be unreasonable.   See Truskoski v. ESPN, Inc., 60 F.3d 74, 77 (2d Cir. 1995) (holding that plaintiff who waited eighteen months to seek reconsideration "plainly did not seek relief from the judgment within a reasonable time").

Plaintiff's motion for reconsideration is therefore denied as untimely. The Clerk of the Court is directed to close this case.

Dated: New York, New York
        January 30, 2009

SO ORDERED

Thomas P. Griesa
U.S.D.J.